UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) 1:20-cv-00137-LEW |
| STATE OF MAINE, et al., | ) ) ) ) |
| Defendants | ) |

### ORDER OF DISMISSAL
### BASED ON LACK OF SUBJECT MATTER JURISDICTION

Plaintiff seeks damages allegedly resulting from a prosecution in state court and his participation in counseling as a result of the state court proceedings. Following a review of the substantiality of the federal issues presented in the complaint and exhibits, the complaint is DISMISSED. Plaintiff is hereby advised that filing restrictions may follow if he pursues further baseless or frivolous litigation.

### BACKGROUND

In connection with criminal proceedings in state court in 2016 and 2017, Plaintiff sought counseling in the Bangor area. Plaintiff asserts he agreed to attend counseling as part of a plea arrangement. According to Plaintiff's Complaint, the only provider available was Dirigo Counseling Clinic LLC.

Plaintiff met for counseling with Defendant Holland but was dissatisfied with the first encounter. During the first meeting, Plaintiff concluded Holland was unqualified to

provide counseling, and believed Holland's questions during the session invaded his privacy. Plaintiff was also unsatisfied with the second meeting, which he characterizes as abusive and harassing. Plaintiff ended the second meeting because he determined that Holland was seeking to provide a diagnosis or was conducting a forensic examination of his competency.

Plaintiff later met with a District Attorney for Penobscot County, who informed Plaintiff that the case had been dismissed with prejudice because Plaintiff had complied with the agreement to seek mental health treatment. Plaintiff was not satisfied with the result because he claims he should have had the opportunity to review any medical information the State received and because Plaintiff was not able to describe his experiences and make arguments in open court.

In April 2020, Plaintiff filed the instant complaint against the State of Maine, two state prosecutors, Dirigo Counseling Clinic, Holland, and the clinic director. Plaintiff asserts twenty-four counts, including deprivation of state and federal constitutional rights, attorney malpractice, wrongful disclosure of confidential information, falsification of evidence, medical malpractice, fraudulent medical practice, assault, criminal threatening, harassment, and stalking. Many of the counts are based on Maine criminal statutes.

## DISCUSSION

Issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005). Courts have determined that this principle permits

them to dismiss a complaint prior to service of process on the named defendants when it is apparent the complaint is frivolous or obviously lacks merit:

> Because [Plaintiff] is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A, permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.

*Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (internal citations omitted); *see also*, *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"); *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention"). A court's expeditious sua sponte review is based on the longstanding doctrine that federal subject matter jurisdiction is lacking when the federal issues are not substantial. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (jurisdiction is lacking when claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly

3

unsubstantial," "no longer open to discussion," "essentially fictitious," or "obviously without merit"); *Swan v. United States*, 36 F. App'x 459 (1st Cir. 2002) ("A frivolous constitutional issue does not raise a federal question ….").[1]

My review of the allegations in the complaint and the exhibits reveals many of the concerns that characterize unsubstantial claims. For example, Plaintiff implausibly asserts that the use of the State's motto, "Dirigo," in the name of the clinic reflects some important or improper connection to the state government; that someone was surreptitiously eavesdropping from outside the room during the first counseling session; that someone was sending directions to the counselor through an electronic device during the second session; and that one of the state prosecutors was actually a federal agent tasked with monitoring Plaintiff at his apartment. Complaint ¶¶ 14, 58, 73–82, 112–19. These allegations cannot reasonably be construed to assert a substantial federal claim. Dismissal is therefore appropriate.

Because dismissal of the federal claims is warranted, I do not exercise supplemental jurisdiction over the state law claims. *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's

---

[1] Although the doctrine has been criticized for conflating jurisdiction over a claim with the merits of that claim, *see e.g.*, *Rosado v. Wyman*, 397 U.S. 397, 404 (1970) (the maxim is "more ancient than analytically sound"); *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946) (regarding "wholly insubstantial and frivolous" claims, "[t]he accuracy of calling these dismissals jurisdictional has been questioned"), the doctrine nevertheless remains good law. *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988) ("Although most of the Court's statements of the principle have been dicta rather than holdings, and the principle has been questioned, it is an established principle of federal jurisdiction and remains the federal rule. It is the basis of a large number of lower-court decisions, and at this late date only the Supreme Court can change it") (internal quotations and citations omitted); *see also*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (approving of the doctrine); *Cruz v. House of Representatives*, 301 F. Supp. 3d 75, 77 (D.D.C. 2018) (applying the concept to dismiss obviously meritless claims).

federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").

Because Plaintiff's complaint in this and several other cases lack merit, *see* 1:19-cv-00486-JAW; 2:19-cv-00532-JAW, 1:20-cv-00149-GZS, Plaintiff is further advised that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## CONCLUSION

Plaintiff's complaint is **DISMISSED**.  Plaintiff is advised that filing restrictions may follow if he pursues further baseless or frivolous litigation.

**SO ORDERED.**

Dated this 21st day of May, 2020.

                                               /s/ Lance E. Walker
                                              UNITED STATES DISTRICT JUDGE